IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:14-CV-260-BO

CALVIN TYRONE NORTON,           )
                                )
    Plaintiff,                  )
                                )
v.                              )           **O R D E R**
                                )
JEFFREY ROSIER, in his individual capacity, )
and CITY OF WHITEVILLE, NORTH   )
CAROLINA,                       )
                                )
    Defendants.                 )

This matter is before the Court on defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6) [DE 11] and plaintiff's Motion for Entry of Default [DE 14]. The matters are ripe for adjudication. For the reasons stated herein, defendant's Motion to Dismiss will be GRANTED, and plaintiff's Motion for Entry of Default will be DENIED.

BACKGROUND

Pro se plaintiff Calvin Norton filed this action pursuant to 42 U.S.C. § 1983, alleging that defendants, Jeffrey Rosier and the City of Whiteville, North Carolina, violated the Fourth Amendment to the United States Constitution, the Law of the Land Clause of the North Carolina Constitution, and the South Carolina common law prohibiting false imprisonment. The allegations arise out of an incident that occurred on September 4, 2014, when Rosier, then the acting Chief of Police for the City of Whiteville, conducted a traffic stop of Mr. Norton. Chief Rosier allegedly activated the blue lights on his patrol car and stopped Mr. Norton, who was travelling southbound on Highway 9 in Loris, South Carolina. Mr. Norton alleges that he was not speeding or violating any law at the time of the stop. After stopping Mr. Norton's vehicle, Chief

Rosier approached Mr. Norton's driver's side window and told him to slow down. Chief Rosier did not ask for plaintiff's license, registration, or insurance card. After telling plaintiff to slow down, Chief Rosier returned to his patrol car, turned off the blue lights, and drove away.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F.Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue . . . ." *Richmond, Fredericksburg & Potomac R. R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To this end, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citation omitted). The movant's motion to dismiss should be granted "if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law." *Id.*

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences,

unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc., v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000).

I. <u>Jurisdiction</u>

Defendants argue that the "Gatekeeper Order" entered by the Honorable Douglas B. Sasser in Columbus County Superior Court means this Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. That Gatekeeper Order prohibits Mr. Norton from filing any lawsuit in the courts of the State of North Carolina without appending an affidavit of a licensed attorney to his complaint and obtaining leave of the Senior Resident Superior Court Judge in the forum county to file the lawsuit. [DE 12–1]. The order apparently was entered after plaintiff filed a number of frivolous lawsuits in the state court system.

The *Rooker-Feldman* doctrine mandates that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). The doctrine bars claims "(1) brought by a state-court loser (2) complaining of injuries caused by a state-court judgment (3) rendered before the instant proceedings commenced and (4) inviting this court's review and rejection of the state court's judgment[.]" *Dalenko v. Stephens*, 917 F. Supp. 2d 535, 547 (E.D.N.C. 2013).

Defendants rely on *Dalenko* to argue that Mr. Norton is "seeking appellate review of the Columbus County Superior Court's Gatekeeper Order and asking this Court to hold that it doesn't apply." [DE 12 at 5]. The facts presented by *Dalenko*, however, are quite different than the facts presented here. In *Dalenko*, the state court entered a Gatekeeper Order barring plaintiff from asserting further claims related to an arbitration agreement. 917 F. Supp. 2d at 538. After

3

losing in the North Carolina Court of Appeals, the plaintiff sued various members of the North Carolina Judiciary in federal court for violation of her constitutional rights as a result of their failure to granting her notice or opportunity to be heard prior to issuing rulings. *Id.* at 547. The district court found that plaintiff's request for declaratory relief to establish her rights could "only be construed as a request for improper collateral review of the various state court decisions" and dismissed her claim pursuant to *Rooker-Feldman*. *Id.* at 547.

Here, Mr. Norton's complaint does not attack a prior state court judgment nor does it in any way stem from a prior state court action. It brings an entirely new, separate claim that has never before been alleged nor adjudicated in state court. Plaintiff does not invite this Court's review or rejection of any state court judgment. As the Fourth Circuit has explained, this Court must "examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself." *Davani v. Va. Dept. of Transp.*, 434 F.3d 712, 718 (4th Cir. 2006). Although the Gatekeeper Order might bar plaintiff's claims had he filed in state court, this is not a situation where Mr. Norton is claiming that any state judgment itself violates his federal rights. Accordingly, the *Rooker-Feldman* doctrine does not present a jurisdictional bar.

II.     Fourth Amendment Claim

Mr. Norton alleges that the traffic stop conducted by Chief Rosier was an unreasonable seizure under the Fourth Amendment. The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. U.S. const. amend. iv. "[A]n individual is seized 'only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.'" *United States v. Wilson*, 895 F.2d 168, 171 (1990) (internal citation omitted).

4

"[A]s is obvious from the constitutional text, the central inquiry under the Fourth Amendment is reasonableness, for 'what the Constitution forbids is not all searches and seizures, but unreasonable searches and seizures.'" *United States v. McCoy*, 513 F.3d 405, 410 (4th Cir. 2008) (quoting *Elkins v. United States*, 364 U.S. 206, 222 (1960)). Unsurprisingly, therefore, the law recognizes that *de minimis* encounters do not violate the Constitution. *See, e.g., United States v. Farrior*, 535 F.3d 210 (4th Cir. 2008) ("[A]ny delay in conducting the first drug-dog sniff amounted to a *de minimis* intrusion on Farrior's liberty interest. Thus, it was not unreasonable as a violation of his Fourth Amendment Rights."); *United States v. Mason*, 628 F.3d 123, 132 (4th Cir. 2010).

Assuming without deciding that plaintiff was seized when Chief Rosier pulled him over, the Court finds that the encounter is so *de minimis* that it fails to amount to a constitutional violation or cognizable § 1983 claim against Chief Rosier individually. Moreover, plaintiff's complaint does not allege an "official policy, practice, or custom" of the City of Whiteville such that it meets the requirements for bringing a cognizable § 1983 claim against a local government laid out by the Supreme Court in *Monell v. Department of Social Services of the City of N.Y.*, 436 U.S. 658 (1978). Because plaintiff has failed to state a claim upon which relief can be granted, his Fourth Amendment claim must be dismissed.

III. Remaining Claims

All that remains before the Court are Mr. Norton's state-law claims under the North Carolina Constitution and the South Carolina common law. As no claims remain over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining claims. 28 U.S.C. § 1367(c); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[i]n the usual case in which all federal-law claims are eliminated before trial the balance of

5

factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Walsh v. Mitchell*, 427 F.App'x 282, 283 (4th Cir. 2011) (per curiam) (unpublished). Accordingly, plaintiff's remaining claims are dismissed without prejudice.

IV.    Plaintiff's Motion for Default

Plaintiff argues that entry of default is proper as both defendants failed to answer. Federal Rule of Civil Procedure 55(a) provides that the clerk shall enter the party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend* as provided by these rules." (emphasis added). The filing of a motion to dismiss, however, constitutes defending an action within the meaning of Rule 55(a). *Hudson v. State of North Carolina*, 158 F.R.D. 78, 80 (E.D.N.C. 1994). Accordingly, plaintiff's Motion is denied.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 11] is GRANTED. The Court declines to exercise supplemental jurisdiction over plaintiff's state law claims and these claims are DISMISSED without prejudice. Plaintiff's Motion for Entry of Default [DE 14] is DENIED, and plaintiff's case is hereby DISMISSED in its entirety.

SO ORDERED, this  4  day of March, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE