IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:14-CV-260-BO

| | |
|---|---|
| CALVIN TYRONE NORTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ORDER |
| JEFFREY ROSIER, in his individual capacity, | ) ) ) |
| Defendant. | ) ) |

This matter is before the Court on plaintiff's motion for entry of default and motion for judgment on the pleadings. For the reasons discussed below, plaintiff's motions are denied.

## BACKGROUND

Plaintiff filed this action under 42 U.S.C. § 1983 arising out of a stop of his vehicle conducted by defendant. Following this Court's dismissal of plaintiff's complaint for failure to state a claim, the court of appeals vacated the order of dismissal as against defendant Rosier and remanded the matter for further proceedings. The Fourth Circuit's mandate was entered on January 29, 2016, and on February 5, 2016, this Court entered an order effecting the mandate of the court of appeals. [DE 25].

On March 17, 2016, plaintiff filed his motion for entry of default due to defendant Rosier's failure to answer. Fed. R. Civ. P. 55(a). The same day, Rosier filed his answer to plaintiff's complaint. Thereafter, on March 28, 2016, plaintiff filed a motion for judgment on the pleadings in light of Rosier's failure to timely answer plaintiff's complaint. Fed R. Civ. P. 12(c).

## DISCUSSION

Ordinarily, a defendant must serve his answer within twenty-one days from the date of being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). When a motion to dismiss under Rule 12 has been filed, however, the time for responding to a complaint is extended until fourteen days after notice of the court's action on the motion to dismiss. Fed R. Civ. P. 12(a)(4)(A). Although this Court dismissed plaintiff's complaint in its entirety on a motion by defendants, when that order was reversed in part and remanded by the Fourth Circuit so that plaintiff's claims against Rosier might proceed, the rule relating to the time for filing a responsive pleading following a motion to dismiss was revived, and Rosier had fourteen days from the date of entry of the order of this Court effecting the mandate of the court of appeals. *See Broglie v. Mackay-Smith*, 75 F.R.D. 739, 742 (W.D. Va. 1977); *but see Greenberg v. Nat'l Geographic Soc.*, 488 F.3d 1331, 1340 (11th Cir. 2007), *vacated on other grounds* 533 F.3d 1244 (11th Cir. 2008) (Rules do not expressly provide time period for filing an answer following reversal of a district court's order granting motion to dismiss, noting that Rule 12(a)(4)(A) is analogous to such circumstance, but applying the longer Rule 12(a)(1)(A)(i) time period because the Rules are unclear). Thus, Rosier's answer was due under Rule 12(a)(4) on or about February 22, 2016, or on or about February 29, 2016 if a more lenient standard is applied using Rule 12(a)(1)(A)(i). *See* Fed. R. Civ. P. 6(d).

Rosier's answer was filed on March 17, 2016, which is plainly beyond any time for filing allowed by the Rules. However, "[w]here a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits." *Lee v. Bhd. of Maint. of Way Employees-Burlington N. System Fedn.*, 139 F.R.D. 376, 381 (D. Minn. 1991); *see also Dow v. Jones*, 232 F.

Supp. 2d 491, 494 (D. Md. 2002) (declining to enter default despite failure to answer or take defensive action within the time prescribed where no substantial prejudice has been suffered); *First Am. Bank, N. A. v. United Eq. Corp.*, 89 F.R.D. 81, 86 (D.D.C. 1981) (declining to enter default judgment where defendant's motion was filed almost one month out of time). Rosier has indicated a desire to contest this action, having previously filed a motion to dismiss, and the Court finds no substantial prejudice to have been suffered by plaintiff due to Rosier's delay in filing his answer. Thus, the Court in its discretion declines to find that entry of default against Rosier is appropriate in this instance.

Plaintiff's motion for judgment on the pleadings is premised on the entry of default against Rosier which the Court has found should not be entered. Thus, the motion for judgment on the pleadings is denied.

## CONCLUSION

For the reasons discussed above, plaintiff's motion for entry of default [DE 28] is DENIED and plaintiff's motion for judgment on the pleadings [DE 30] is DENIED. The parties are DIRECTED to confer and to file a Rule 26(f) report with the Court on or before July 15, 2016.

SO ORDERED, this _25_ day of June, 2016.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE