IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CV-260-BO

| | | |
|---|---|---|
| CALVIN TYRONE NORTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JEFFREY ROSIER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on Plaintiff's motion to compel discovery [DE-44] and motion to strike Defendant's response to the motion [DE-46]. On December 27, 2016, the court held a hearing on the pending motions, which was attended by Plaintiff and counsel for Defendant. This order serves to further memorialize the court's observations made during the hearing and its ruling on the pending motions.

For the reasons articulated by the court during the hearing, Plaintiff's motion to compel is denied without prejudice. Defendant, however, having produced the discovery responses at issue in the motion after Plaintiff filed his motion to compel is subject to paying, after having an opportunity to be heard, the "reasonable expenses" incurred by Plaintiff in making the motion. *See* Fed. R. Civ. P. 37(a)(5)(A). Plaintiff should note that because he is proceeding *pro se*, he is not entitled to attorney's fees. *See Cook v. Lewis*, No. 5:12-CT-3219-D, 2014 WL 2894999, at *4 (E.D.N.C. June 25, 2014) (unpublished) (citing *Watts v. Foster*, 887 F.2d 1082, 1989 WL 117807, at *1 (4th Cir.1989) (unpublished)); *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 525 (D. Md. 2009) ("[T]he time a *pro se* litigant spends making a motion is not included among the reasonable expenses contemplated by Fed. R. Civ. P. 37.") (quoting *Arias-Zeballos v. Tan*, No. 06

Civ. 1268 GELKNF, 2007 WL 1946542, at *1 (S.D.N.Y. June 27, 2007) (unpublished)). Accordingly, Plaintiff shall file a list of his reasonable expenses incurred in making the motion by no later than **January 10, 2017**, and Defendant shall file any response by no later than **January 17, 2017**.

As for Plaintiff's motion to strike Defendant's response brief, the court has reviewed the motion, which appears instead to be a reply to Defendant's response. In any case, under the governing standards of Rule 12(f), striking Defendant's response is not supported. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."); *Melvin v. Soc. Sec. Admin.*, 126 F. Supp. 3d 584, 596 (E.D.N.C. 2015) (declining to strike memoranda filed in support of or in opposition to motions because the documents were not "pleadings" as defined in Rule 7(a)); *see also Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) ("Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'") (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, 647 (2d ed.1990)). Accordingly the motion to strike is denied.

So ordered, the 28th day of December 2016.

_____
Robert B. Jones, Jr.
United States Magistrate Judge