IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CV-00260-FL

| | | |
|---|---|---|
| CALVIN TYRONE NORTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JEFFREY ROSIER, in his individual capacity, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motion to reopen discovery on issues including but not limited to damages (DE 86). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants in part and denies in part plaintiff's motion.

**STATEMENT OF THE CASE**

On November 10, 2014, plaintiff filed this civil rights action, pro se, against defendant, Administrative Chief of Police of the City of Whiteville, North Carolina, and against former defendant City of Whiteville, North Carolina. (DE 1). In his unverified complaint, plaintiff alleged that defendant conducted an illegal traffic stop of plaintiff in South Carolina, in violation of the Fourth Amendment to the United States Constitution, the Law of the Land Clause of the North Carolina Constitution, and the South Carolina common law prohibiting false imprisonment. (Id.).

On March 5, 2015, the court granted former defendant City of Whiteville's motion to dismiss, dismissing the case in its entirety. (DE 16, 17). Plaintiff appealed the court's ruling, and the United States Court of Appeals for the Fourth Circuit affirmed in part, vacated in part, and remanded the case by unpublished per curiam opinion, affirming the court's dismissal of plaintiff's

claim against former defendant City of Whiteville but holding that "[t]he temporary detention of an individual during a traffic stop, even if only for a limited time or purpose, constitutes a Fourth Amendment seizure," thereby reinstating plaintiff's § 1983 and pendant state law claims against defendant. (DE 22 at 3; DE 23).

On August 9, 2016, Magistrate Judge Robert B. Jones, Jr. issued a scheduling order, setting a deadline of December 31, 2016 for the completion of all discovery. (DE 39). Magistrate Judge Jones also denied two motions to compel filed by plaintiff on October 13, 2016 and again on January 4, 2017. (DE 44, DE 57). Plaintiff's first motion to compel was denied without prejudice in that defendant produced the requested discovery responses, but the court taxed defendant with plaintiff's reasonable expenses incurred in having to make the motion. (DE 52). Plaintiff's section motion to compel was denied because "Plaintiff has neither filed a memorandum setting forth argument in support of his motion nor has Plaintiff included with his motion a copy of the discovery requests at issue or Defendant's alleged incomplete responses or objections thereto," inconsistent with Local Civil Rule 7.1. (DE 67). Magistrate Judge Jones stated as follows:

> Based on the materials the parties have submitted to the court related to this motion, the court is unable to discern with the necessary particularity the discovery requests that are at issue and the grounds for seeking or objecting to such requests. Out of an abundance of caution, the court has reviewed the written discovery requests Plaintiff filed with the court on September 1, 2016. Pl.'s Discovery Reqs. [DE-41]. However, assuming these requests are the ones at issue in the motion, Plaintiff has failed to provide Defendant's alleged inadequate responses for consideration, and the court notes that there appear to be no document requests corresponding to several of the documents Plaintiff describes in his motion as being outstanding. Compare Pl.'s Discovery Reqs. [DE-41], with Pl.'s Mot. [DE-57] at 2 ¶ 8.

(Id. at 3).[1]

---

[1] During this time, on December 30, 2016, plaintiff also filed a motion for extension of time to complete discovery, which Magistrate Judge Jones found should be allowed, but "as the additional time sought by Defendant has elapsed, Defendant's motion is denied as moot." (DE 67 at 1-2).

This case was reassigned to the undersigned on July 28, 2017. Cross motions for summary judgment then already pending were submitted on September 20, 2017, to the undersigned for decision.

On September 29, 2017, upon said cross motions for summary judgment, the court denied plaintiff's motion for summary judgment and granted in part and denied in part defendant's motion for summary judgment, holding that plaintiff's Fourth Amendment claim was the only claim to survive summary judgment, stating:

> [O]n summary judgment, the court must accept as true plaintiff's first-hand account of events that defendant pulled plaintiff over for a traffic stop on September 4, 2014, around 5:45 p.m. and that plaintiff was not at that time violating any South Carolina laws that would have justified such a stop and that the stop lasted at most 6 minutes. If a fact-finder determines that defendant pulled plaintiff over for an unlawful traffic stop, without more, plaintiff will have established a technical violation of the Fourth Amendment.

Norton v. Rosier, No. 7:14-CV-00260-FL, 2017 WL 4399194, at *5 (E.D.N.C. Sept. 29, 2017).[2]

Following the issuance of the court's September 29, 2017 order and submission of a status report by the parties, the court held in abeyance any action on the report submitted by the parties pending review by members of the pro bono panel. On December 22, 2017, counsel for plaintiff filed notice of appearance, and the court directed the parties to again confer and file a joint status report informing the court of the parties' positions regarding, in part, whether an additional period of discovery is needed on the issue of damages.

The parties met and conferred on January 30, 2018, and filed a joint status report on February 1, 2018, agreeing that additional discovery was needed regarding damages but disagreeing whether additional discovery should be conducted on issues beyond damages. More specifically, the parties

---

[2] Defendant denies he conducted said traffic stop and denies he was in the state of South Carolina at this time on this date. (Rosier Decl. ¶¶ 12, 17-19).

agree that an additional 90 days of discovery is warranted regarding damages, and the parties seek following the requested discovery period "an additional 30-day period prior to the trial date within which to prepare and submit a pre-trial order and additional dispositive motions, if any." (DE 85 at 2). Also on February 1, 2018, plaintiff filed the instant motion to reopen discovery on issues including but not limited to damages, to which defendant filed a response on February 15, 2018.

## DISCUSSION

A.    Plaintiff's Motion to Reopen Discovery

The court "has wide latitude in controlling discovery and . . . [t]he latitude given the district court extends as well to the manner in which it orders the course and scope of discovery." Ardrey v. United Parcel Service, 798 F.3d 679, 682 (4th Cir. 1986) (collecting cases). In deciding whether additional discovery is appropriate, the court finds helpful for this analysis the following factors: (1) is the trial imminent; (2) is the request opposed; (3) would the non-moving party be prejudiced; (4) was the moving party diligent during the discovery period; (5) was the request foreseeable based upon the time line set forth by the court; and (6) will the new evidence be relevant to the stated inquiry.

Plaintiff requests to reopen discovery in order to gain access "to certain evidence and information pertinent to his claims such as" 1) "additional information regarding Defendant's whereabout on the date in question," 2) " documents related to Defendant's professional conduct and qualifications," and 3) "documents Defendant may use in support of his defenses" in addition to requesting to take "Defendant's deposition or the deposition(s) of other potential defense witness(es)." (DE 87 at 6). For the reasons stated below, the court finds that consideration of the above factors weigh in favor of reopening discovery to the limited extent agreed to by the parties,

concerning damages, and to the limited extend requested by plaintiff to seek additional discovery as to the whereabouts of defendant on the day in question. However, the court denies defendant's motion otherwise.

The court is mindful of plaintiff's previous pro se status and that counsel has been procured by plaintiff following the close of discovery. The court also notes that plaintiff has put forth effort to secure information in this case, timely serving initial disclosures, interrogatories, requests for production of documents and for admissions, and has met all discovery deadlines while also filing multiple motions to compel and extend discovery. Although plaintiff has not provided the court with any explanation as to why he has failed to take the deposition of defendant and defendant's witnesses, the whereabouts of defendant on the day in question is a basic and key issue to the entire case, and therefore, now that plaintiff has secured counsel, plaintiff should be allowed to take additional limited discovery on this basic and key issue. Because the parties have already agreed to reopen discovery on the issue of damages, reopening discovery on the issue of defendant's whereabout on the day in question would not prejudice defendant, particularly in that trial for this case has not been set.

Turning to plaintiff's second and third requests for information, the court denies plaintiff's motion as to these. Following the court's ruling on the parties' cross motions for summary judgment, the key remaining issues left for trial in this matter are whether defendant actually conducted the alleged traffic stop, and, if so, what injury plaintiff may have suffered. Norton, 2017 WL 4399194, at *5. It appears plaintiff's second and third requests are either irrelevant to this

5

inquiry or have already been subject of discovery.[3] For example, regarding documents related to defendant's professional conduct and qualifications, defendant has produced to plaintiff a complete file containing 379 pages of documents produced by the North Carolina Criminal Justice Training Standards Commission regarding defendant's law enforcement certification documents and training records, a file which plaintiff states he reviewed in his motion for summary judgment submitted to the court. (See DE 63 at 5).

This case has been in existence for three years in which time plaintiff has received significant information regarding defendant's professional conduct and qualifications in addition to information concerning defendant's possible defenses. Plaintiff has failed to provide the court with any reason why the information he has been provided is insufficient, why plaintiff failed to propound additional discovery on these issues before discovery closed, or why the information sought is relevant and not repetitive.[4]

In sum, plaintiff's motion to reopen discovery is granted as to defendant's whereabouts on September 4, 2014 but is otherwise denied. The court turns its attention below to remaining deadlines.

B.      Motions Schedule

    1.     Any motion to compel discovery shall be filed and served **within 30 days** of the act or omission in discovery complained of, after good faith effort between the parties

---

[3] Plaintiff additionally states that "it appears that Defendant at no point filed Initial Disclosures in this matter," to which defendant strongly disagrees, submitting to the court the initial disclosures provided to plaintiff on August 26, 2016, the email sent to plaintiff attaching the initial disclosures and stating hard copies of the initial disclosures were to be mailed to plaintiff, sent on August 26, 2016, and the mail log indicating mail was sent to plaintiff on August 26, 2016. (DE 89-1, DE 89-2, DE 89-3).

[4] Defendant also asserts that plaintiff is seeking addition discovery for improper purposes, pointing out to the court the multiple lawsuits plaintiff has filed in this court against the City of Whiteville and its officials. (See DE 89 at 5).

to resolve the matter, unless the time for filing such a motion is extended for good cause shown. Prior to any filing, the complaining party shall convene a conference among the parties and this court by telephone through the office of the case manager, at (252) 638-8534. In the event of a discovery dispute of or relating to written discovery, the party convening the conference shall send via facsimile transmittal directed to the case manager at (252) 638-1529, the submissions in discovery most directly bearing on the particular dispute, for the court's review in advance of telephonic conference. Motions to compel filed after the deadline and/or without advance conference with the court, absent extenuating circumstances, summarily will be denied. Disputes in discovery which are reduced to writing, timely filed, and where conference with this court in advance of filing has been unable to resolve said dispute, ordinarily will be referred to a magistrate judge for ruling.

2. All potentially dispositive motions shall be filed by **June 26, 2018**.

3. Any motion to exclude testimony of expert witnesses pursuant to Federal Rules of Evidence 702, 703, or 705, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), or similar case law, shall be filed by the deadline set for dispositive motions. In conjunction with any such motion to exclude expert testimony or response thereto, the parties shall include where available all materials associated with the challenged expert, including resumes, reports, depositions, and objections to qualifications.

C. Alternative Dispute Resolution

A settlement procedure is required in virtually every case, to be conducted before the close

of discovery if the case is automatically selected for mediation pursuant to Local Alternative Dispute Rule 101.1a(b), or before the final pretrial conference if not automatically selected.

1. This case is selected for mediation. Reference is made to Local Alternative Dispute Rule 101.1 et seq. for required deadlines.

2. If at any time a settlement is reached, it shall be reported immediately to this court. The parties shall refer to Local Alternative Dispute Rule 101.1e for their specific obligations.

D. Pretrial and Trial Scheduling

After the court has ruled on any dispositive motion(s), the court will enter a scheduling order governing deadlines and procedures for final pretrial conference and trial, as appropriate.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to reopen discovery on issues including but not limited to damages (DE 86) is GRANTED IN PART and DENIED IN PART. The court DIRECTS continuation of a period of discovery and deadline for dispositive motions as set forth herein. This case management order shall not be modified except by leave of court upon a showing of good cause, and all requirements set forth in the court's Local Civil Rules governing pretrial and trial procedures not altered herein shall be strictly observed.

SO ORDERED, this the 27th day of February, 2018.

LOUISE W. FLANAGAN
United States District Judge