# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION

No. 7:14-CV-00260-FL

| | |
|---|---|
| CALVIN TYRONE NORTON, | ) |
| Plaintiff, | ) ) ) |
| v. | )  MEMORANDUM OPINION |
| JEFFREY ROSIER, in his individual capacity, | ) ) ) ) |
| Defendant. | ) ) |

This matter came before the court prior to trial on plaintiff's motion in limine (DE 142) and during trial on plaintiff's objection to proposed jury instruction (DE 150). Outside the presence of the jury, the court heard argument during trial concerning this motion and objection on the first and second days of trial, February 11 and 12, 2019, and conducted voir dire of defendant's witness Judith A. Kelley ("Kelley") on the afternoon of February 12, 2019. Following voir dire, the court granted in part and denied in part plaintiff's motion and overruled plaintiff's objection. This order serves to memorialize the court's rulings.

Regarding plaintiff's motion in limine, the parties have engaged in an ongoing dispute over the relevance and admissibility of a file ("Investigation File") compiled by Kelley, who conducted an investigation of defendant on behalf of the North Carolina Criminal Justice Education and Training Standards Commission, which is the agency that regulates standards for the training and certification of law enforcement officers in North Carolina. Plaintiff sought in motion in limine to exclude testimony by Kelley as well as the Investigation File. The court granted in part and denied in part plaintiff's motion.

First, the court allowed testimony by Kelley concerning her investigation and which witnesses Kelley contacted, where plaintiff opened the door to such testimony by testifying himself as follows: "I haven't even given a statement to Ms. Judy Kelley . . . . I don't recall her getting any statements [from] anyone . . . . I don't deny talking to Judy Kelley. But . . . Judy Kelley did not investigate myself or the witnesses." See, e.g., United States v. Blake, 571 F.3d 331, 348 (4th Cir. 2009) ("Defense counsel unmistakably advanced the argument . . . . To allow such an attack to go unanswered would have been unfair."); United States v. Birchette, 908 F.3d 50, 61 (4th Cir. 2018) ("The defendant twice opened the door for the jury to hear the contested evidence.").

However, the court excluded introduction of Kelley's handwritten notes regarding her investigation. Rule 801(d)(2)(A) provides that a statement is not hearsay if offered against an opposing party and "was made by the party." Here, under no definition of "made by the party" was Kelley's handwritten notes "made by" plaintiff, notwithstanding her summaries of conversations with plaintiff, and defendant has offered no other avenue for admittance. For example, defendant does not and cannot argue that plaintiff has manifested that he adopted or believed to be true Kelley's handwritten notes, pursuant to Rule 801(d)(2)(B). See, e.g., United States v. Stafford, 422 F. App'x 63, 65 (2d Cir. 2011) ("Stafford's thorough review of the agent's notes and acknowledgment of their accuracy adequately demonstrated his adoption of their contents. They were therefore admissible as non-hearsay.").

Additionally, the court excluded testimony by Kelley regarding the substance of what others informed her during the course of her investigation. First, as conceded by defendant, Rule 801(d)(2)(A) does not contemplate introduction of a party's own hearsay via a witness. See United States v. Portsmouth Paving Corp., 694 F.2d 312, 321 (4th Cir. 1982) ("A party's own statements

2

offered against him are excluded from the definition of hearsay by Rule 801(d)(2)(A).") (emphasis added).[1]

Additionally, the court excluded statements made to Kelley by alleged witnesses to the incident in question who are not witnesses in the current trial ("missing witnesses"), rejecting defendant's arguments that the hearsay exceptions Rules 801(d)(2)(B) and 801(d)(2)(E) apply. Here, for defendant to show that plaintiff adopted the statements of the missing witnesses pursuant to Rule 801(d)(2)(B), defendant must show that plaintiff 1) heard the statements, 2) understood the statements, and 3) acquiesced to the meaning of those statements. Where evidence indicates plaintiff may not have heard the statements and where the statements made by the missing witnesses are inconsistent with plaintiff's version of events, there are not "sufficient foundational facts from which the jury could infer that the defendant . . . acquiesced in the statement." United States v. Recio, 884 F.3d 230, 234 (4th Cir. 2018) (emphasis in original, citation omitted). Additionally, defendant has offered no evidence in support of the existence of a conspiracy or that the statements made by the missing witnesses were made in furtherance of that conspiracy as required by Rule 801(d)(2)(E).

Turning to plaintiff's objection to proposed jury instruction, as previously stated by the court regarding this issue, (see DE 135 at 10), the main dispute concerns the above-discussed missing witnesses, who were noticed for deposition by defendant but who failed to appear to testify. Counsels' dispute concerns whether the court reporter's certified transcripts evidencing failure of each witness to appear for deposition may be admitted into the record, to support a "missing witness" jury instruction along lines of the second paragraph below, in supplement to the first

---

[1] For similar reasons, statements made by defendant's other witnesses to Kelley are excluded as hearsay where defendant has not identified an exception to the hearsay rule that would allow admission of those statements.

paragraph of the "witness" instruction, roughly in the form requested by plaintiff:

> The law does not require any party to call as witnesses all persons who may appear to have some knowledge of the matters at issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.
>
> However, if a party fails to call a person as a witness who has knowledge about the facts in issue, and who is reasonably available to the party, and who is not equally available to the other party, then you may infer that the testimony of that person is unfavorable to the party who could have called the witness and did not.

Although the court held the transcripts inadmissible, the court determined that sufficient evidence had been presented to warrant inclusion of the above missing witness instruction. Evidence indicates plaintiff made representations to Kelley concerning his ability to secure the missing witnesses' testimony and facilitated providing Kelley with the missing witnesses' statements for her investigation, indicating greater availability to plaintiff. Cases cited by plaintiff do not warrant a different conclusion where such cases stand for the proposition that a missing witness jury instruction is not appropriate where the witness is equally available to either party, a situation not currently before this court. See, e.g., Dunlap v. G. & C. Towing, Inc., 613 F.2d 493, 497 (4th Cir. 1980) ("The witness involved was plaintiff's treating physician. He was equally available to either party. That made the instruction inappropriate.").[2]

Accordingly, based on the foregoing, the court granted in part and denied in part plaintiff's motion and overruled plaintiff's objection.

SO ORDERED, this the 1st day of April, 2019.

LOUISE W. FLANAGAN
United States District Judge

---

[2] The court however recognizes that although the missing witnesses were duly noticed for deposition by defendant, they were not subpoenaed, and could have been. In so recognizing, the court adds to the above instruction the following: ", but you are not required so to do."