IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CV-260-FL

| | |
|---|---|
| CALVIN T. NORTON | ) |
| Plaintiff, | ) |
| v. | ) **ORDER ON BILL OF COSTS** |
| JEFFREY ROSIER, | ) |
| Defendant. | ) |

This matter is before the clerk on the motion for bill of costs [DE-160] filed by defendant Jeffrey Rosier.[1] In response, plaintiff filed a motion for disallowance of costs [DE-162]. Defendant has filed a response [DE-166] in opposition to the motion for disallowance. For the reasons set forth below, the motion for bill of costs [DE-160] is granted in part and the motion for disallowance [DE-162] is denied.

## BACKGROUND

Plaintiff initiated this action by filing a complaint [DE-1] in this court on November 10, 2014, alleging claims against defendants Jeffrey Rosier and City of Whiteville. On March 5, 2015, the court granted defendants' motion to dismiss [DE-16] and entered judgment in favor of both defendants that day [DE-17]. Plaintiff appealed from the judgment, and on January 7, 2016, the Fourth Circuit Court of Appeals affirmed the judgment in part, insofar as the dismissal of plaintiff's claim against the City of Whiteville, and vacated the judgment insofar as it dismissed plaintiff's claims against defendant Rosier [DE-26]. After subsequent discovery and pretrial litigation, the

---

[1] The motion for bill of costs [DE-160] indicated that the motion was filed by both defendant City of Whiteville and defendant Jeffrey Rosier. All costs claimed, however, occurred after judgment was entered in favor of City of Whiteville, and the response in opposition to the motion for disallowance [DE-166] was filed solely by defendant Rosier.

case proceeded to trial before a jury. On February 13, 2019, the jury returned a verdict finding in favor of Rosier [DE-157], and the clerk entered judgment in favor of Rosier on February 14, 2019 [DE-159]. Defendant timely filed a motion for bill of costs on February 28, 2019 [DE-160].

## DISCUSSION

Defendant seeks costs under Rule 54(d)(1) as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014). In this case, Rosier seeks recovery of $6,025.74 in costs from plaintiff.

Plaintiff opposes the motion for bill of costs on two grounds. First, plaintiff argues costs should be denied on the basis of his good faith, indigency, and closeness of the issues presented. Second, plaintiff argues that certain costs for deposition transcripts claimed by defendant are not allowable under 28 U.S.C. § 1920(2), because the transcripts were not necessarily obtained for use in the case.

Plaintiff's former argument raises equitable concerns that go beyond the clerks' authority in ruling on a motion for bill of costs. See Taniguchi v. Kan Pacific Saipan, Ltd., 566 U.S. 566, 573 (2012) (describing the taxation of costs by the clerk as a "clerical matter"). Plaintiff may raise equitable arguments in a motion for the court to review the taxation of costs pursuant to Fed. R. Civ. P. 54.

2

As to plaintiff's latter argument, he contends that because certain depositions were not used at trial, the transcripts cannot be characterized as "necessarily obtained for use in the litigation." 28 U.S.C. § 1920(2). This argument is unavailing. "It is not necessary for depositions to be used in trial or dispositive motion for a party to recover those costs." Ray Commc'ns, Inc. v. Clear Channel Commc'ns, No. 2:08-CV-24-BO, 2011 WL 3207805, at *3 (E.D.N.C. July 26, 2011). Rather, in the Fourth Circuit the costs of a deposition transcript are generally recoverable "when the taking of a deposition is reasonably necessary at the time of its taking." LaVay Corp. v. Dominion Fed. Sav. & Loan Assoc., 830 F.2d 522, 528 (4th Cir. 1987). As defendant notes, the costs challenged by plaintiff are for transcripts of depositions noticed by plaintiff himself. This court previously has awarded costs for a copy of a transcript to a prevailing party where the deposition was noticed by the opposing party, finding the transcripts necessarily obtained for use in the litigation. See PCS Phosphate Co., Inc. v. Norfolk S. Corp., No. 4:05-CV-55-D, 2008 WL 1901941, at *1 (E.D.N.C. Apr. 29, 2008) (awarding costs to prevailing party for depositions noticed by opposing party). The clerk does the same here.

Nevertheless, defendant's request for fees for the transcripts necessarily obtained for use in the case, however, includes a fee for exhibit copies for his deposition, in the amount of $25.00. This court has construed § 1920(2) and Local Civil Rule 54.1 as not encompassing charges for exhibit copies. See Dutton v. Wal-Mart Stores East, L.P., No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."); Nwaebube v. Employ't Sec. Comm'n of N.C., No. 5:09-CV-395-F, 2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (disallowing costs of exhibit copies). Accordingly, defendant's request for transcript

3

fees is granted in part, and defendant's fees in the amount of $5,079.74[2] are taxed pursuant to 28 U.S.C. § 1920(2).

Defendant's request for costs also include fees for the service of the summons and subpoena and fees for witnesses, both of which generally are recoverable. See 28 U.S.C. § 1920(1) and (3). In the itemization for the service of the summons and subpoena, however, defendant includes witness fees and mileage costs for two deponents. See Mot. for Bill of Costs, Ex. B [DE-160-2] (listing "$90.00 (witness fee + mileage)" for M. Robinson and "$45 (witness fee + mileage)" for C. Robinson). Additionally, in the itemization for witness fees, defendant lists $612.50 for attendance costs and $83.50 in mileage for witness Clark Walton. Under § 1920(3), a court may tax "fees and disbursements for printing and witnesses." "The witness fee specified in § 1920(3) is defined in 28 U.S.C. § 1821." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 440 (1987). Section 1821(b) requires that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance." Additionally, Section 1821 provides for a mileage allowance based on the rate for official government travel in effect at the time the travel took place as set by the General Services Administration. See 28 U.S.C. § 1821(c)(1)(2). Here, defendant provides no supporting documentation or information that would allow the clerk to determine if the mileage costs sought for M. Robinson and C. Robinson are proper under § 1821. See Silicon Knights v. Epic Games, Inc., 917 F. Supp. 2d 503, 513 (E.D.N.C. 2012) (explaining that litigation costs should be not awarded in the absence of adequate documentation). Accordingly, the costs in excess of $40.00 for M. Robinson and C. Robinson are disallowed. With regard to the requested costs for Mr. Walton, the mileage costs requested are allowable under § 1821. The requested

---

[2] Defendant requested $5,104.74 in fees for transcripts. The cost of the exhibits for his deposition was $25.00. Excluding that fee, the amount awarded to defendant for transcripts necessarily obtained in the case is $5,079.74.

4

witness fee in excess of $40.00, however, is not. See Peterson v. Midgette, No. 2:12-CV-60-D, 2015 WL 7681257 at *4 (E.D.N.C. Nov. 25, 2015) (finding that a prevailing party was not entitled to recover the expert witness fees the party incurred, but only entitled to the statutorily mandated $40.00 per witness). Accordingly, defendant's request for witness fees is granted in part, and fees in the amount of $203.50[3] are taxed pursuant to 28 U.S.C. § 1920(3). Additionally, defendant's request for fees pursuant to 28 U.S.C. § 1920(1) in the amount of $90.00[4] is allowed.

In sum, defendant's motion for bill of costs is granted part, and as the prevailing party, defendant is awarded (1) $90.00 in fees pursuant to 28 U.S.C. § 1920(1); (2) $5,079.74 in transcript costs pursuant to § 1920(2); and (3) $203.50 in fees for witnesses pursuant to § 1920(3). Total costs in the amount of $5,373.24 are taxed against plaintiff and shall be included in the judgment.

**CONCLUSION**

In summary, defendant's motion for costs [DE-160] is GRANTED in part, and plaintiff's motion for disallowance [DE-162] is denied. As the prevailing party, defendant Jeffrey Rosier is awarded (1) $90.00 in fees pursuant to 28 U.S.C. § 1920(1); (2) $5,079.74 in transcript costs pursuant to § 1920(2); and (3) $203.50 in fees for witnesses pursuant to § 1920(3). Total costs in the amount of $5,373.24 are taxed against plaintiff Calvin T. Norton and shall be included in the judgment.

SO ORDERED. This the 28 day of August, 2019.

Peter A. Moore, Jr.
Clerk of Court

---

[3] This includes $40.00 in witness fees for M. Robinson, C. Robinson, and Clark Walton, and $83.50 in mileage costs for Clark Walton.
[4] This includes $90.00 for fees for service of subpoenas for depositions. See Mot. for Bill of Costs, Ex. B [DE-160-2].